UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Maurice W. Scott** (*aka Maurice Scott, Maurice Wyman Scott, Sr.*), | ) C/A No. 3:06-3051-MBS-JRM )  ) |
| Plaintiff, | ) ) |
| vs. | ) **Report and Recommendation** ) |
| **Equifax Credit Information Service, Inc.**, | ) ) |
| Defendant. | ) ) |

This is a civil action filed by a *pro se* litigant. Under Local Civil Rule 73.02, pretrial proceedings in this action have been automatically referred to the undersigned United States Magistrate Judge.[1]

In an order (Entry No. 5) filed in this case on October 30, 2006, the undersigned issued an order directing the plaintiff to submit the items needed to render this case into "proper form." The plaintiff has not responded to the order of October 30, 2006. On page 1 of the order of October 30, 2006, the following text appeared:

**TO THE PLAINTIFF:**

**This case is not in "proper form" for service at this time. If the plaintiff does not bring this case into "proper form" within the time specified under this order, this case could be dismissed for failure to prosecute.**

(Order of October 30, 2006, at page 1).

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

The language in the order of October 30, 2006, appeared in fourteen-point Arial font. As a result, the language in the order of October 30, 2006, was conspicuous and straightforward because of the font used. *See* <u>Taliaferro v. Associates Corp. of North America</u>, 112 F.Supp.2d 483, 1999 U.S.Dist. LEXIS® 22504 (D.S.C. 1999)(courts may use Uniform Commercial Code definition of conspicuous in determining whether document at issue is conspicuous), *affirmed*, 229 F.3d 1144, 2000 U.S.App. LEXIS® 19953, 2000 WESTLAW®1144601 (4th Cir., August 14, 2000)(discussing what constitutes "conspicuous" under the Uniform Commercial Code); and <u>Jones v. General Electric Co.</u>, 331 S.C. 351, 362, 503 S.E.2d 173, 179, 1998 S.C.App. LEXIS® 69 (S.C.Ct.App. 1998)("Therefore, we must look to other areas of the law for a meaningful definition" of conspicuous because the Supreme Court of South Carolina "did not define conspicuous"), which is cited by the Honorable Patrick Michael Duffy, United States District Judge, in <u>Taliaferro</u>, <u>supra</u>. In <u>Jones v. General Electric Co.</u>, the Court of Appeals of South Carolina relied on South Carolina's version of the Uniform Commercial Code, which indicated that a term or clause is conspicuous when it is printed in capital letters, is in larger type, or is in contrasting type or color. 503 S.E.2d at 179-180.

The plaintiff has not responded to the order of October 30, 2006. This means that no Form USM-285 or Answers to the Court's Rule 26.01 Interrogatories have been submitted by the plaintiff.[2] In light of the plaintiff's failure to respond to the twenty-day order

---

[2]The plaintiff has four (4) prior civil actions in the United States District Court for the District of South Carolina. Hence, the plaintiff should already be aware of the need for a civil action to be "in proper form."

2

of October 30, 2006, it is not necessary to determine whether the above-captioned case is subject to summary dismissal.[3]

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process because the plaintiff has not responded to the "twenty-day" order of October 30, 2006. The plaintiff's attention is directed to the very important Notice on the next page.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

November 28, 2006
Columbia, South Carolina

---

[3]The General Order filed on November 1, 2005, Misc. No. 3:05-MC-5010-JFA, which provides that the Clerk of Court shall forward to a United States District Judge a prisoner case in which the litigant has not responded to a twenty-day order, applies only to prisoner cases. Since the plaintiff is not a prisoner, the undersigned is issuing this Report and Recommendation.

3

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).